Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003038
10-APR-2015
07:50 AM

NO. CAAP-13-0003038

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JACOB W. LUND, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTA-12-00701)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Jacob W. Lund (**Lund**) appeals from the August 14, 2013 Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), entered by the District Court of the Second Circuit, Wailuku Division (**District Court**).[1]

After entering a conditional no contest plea, Lund was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) 291E-61(a)(1) (Supp. 2012). Lund reserved his right to appeal the denial of his motion to suppress.

On appeal, Lund claims the District Court erred by denying his motion to suppress because there were no grounds to initiate a traffic stop, i.e., no particularized and objectively reasonable basis to suspect illegal activity by Lund.

---

[1] The Honorable Adrienne N. Heely presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lund's point of error as follows:

Lund contends that video from the arresting officer's vehicle shows that there is no evidence to support the District Court's finding that Lund was traveling at a high rate of speed or veered to the center of the road. Lund also contends that the District Court was wrong to rely upon Officer Arnds's subjective testimony because there is video of the incident.

The proffered reason for stopping Lund was that he crossed a double solid yellow line, which is a violation of HRS § 291C-38(c)(8) (2007) ("The crossing of a double solid yellow line by vehicular traffic is prohibited except when the crossing is part of a left turn movement."). There is no dispute that Officer Arnds's video camera was positioned toward the right side of his vehicle. A review of the video shows that only the right half of the hood of Officer Arnds's vehicle can be seen when the camera was in that position. Thus, the video could not and did not show the position of Lund's vehicle as it traveled in the opposite direction and passed immediately in front of or next to Officer Arnds's vehicle. Officer Arnds stated that Lund's "vehicle came towards me. I saw it drift left, as it passed me, it actually drifted across the double solid yellow line with the driver's side wheels partially within my lane." The video does not contradict Officer Arnds's testimony that, as Lund passed him, his vehicle drifted across the double solid yellow line. In addition, after Officer Arnds turned around, but before he pulled Lund over, the video appears to show Lund's vehicle drift toward, but not over, the double solid yellow line, which is consistent with the officer's testimony regarding his earlier observation.

The District Court credited Officer Arnds's testimony. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Bailey, 126 Hawai'i 383, 406, 271 P.3d 1142, 1165 (2012)

2

(citation, internal quotation marks and brackets omitted). Lund argues that the video demonstrates that the District Court clearly erred in finding that Lund's truck was traveling at a high rate of speed and veered to the center of the road. We disagree. As noted above, although the video does not show Lund crossing the double solid yellow line, it is not inconsistent with Officer Arnds's testimony of his observations.

A violation of HRS § 291C-38(c)(8) constitutes reasonable suspicion sufficient to initiate an investigative stop. Therefore, the District Court did not err by denying the motion to suppress.

Accordingly, we affirm the District Court's August 14, 2013 Judgment.

DATED: Honolulu, Hawai'i April 10, 2015.

On the briefs:

Benjamin E. Lowenthal
for Defendant-Appellant

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge